UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINESE HOSPITAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JACOBS ENGINEERING GROUP, INC.,<br><br>Defendant. | Case No. 18-cv-05403-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 29 |

Chinese Hospital Association alleges that Jacobs Engineering Group, Inc. breached its written agreement with Chinese Hospital for architectural services. Jacobs' motion for summary judgment is now pending before the Court.[1] (Dkt. No. 29.[2]) Having considered the parties' briefs and having had the benefit of oral argument on August 22, 2019, the Court DENIES Jacobs' motion for summary judgment. While it is undisputed that Chinese Hospital terminated the Design Contract "for convenience," Jacobs has not met its burden of proving as a matter of law its affirmative defense that Chinese Hospital thereby waived its right to recover damages from Jacobs.

//

//

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 10, 16.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## DISCUSSION

Jacobs insists that it is entitled to summary judgment because Chinese Hospital terminated the parties' Design Contract for convenience and not for cause. In particular, it argues that the language of the Design Contract and case law from other states compel this Court to conclude that Chinese Hospital waived its right to seek damages and no reasonable jury could find otherwise. Jacobs has not met its summary judgment burden.

### 1. The Design Contract Language

The Design Contract language does not unambiguously provide that a termination for convenience waives Chinese Hospital's rights to seek damages.

The "for cause" provision states:

> If Architect fails or neglects to comply with this Agreement, Owner may give written notice that the Owner intends to terminate this Agreement. If Architect fails to correct such defaults, failure or neglect within seven days after being given such notice, ***Owner may without prejudice to any other remedy terminate the employment of Architect.***

(Dkt. No. 1-3 at ECF 19, Sec. 1.3.8.2 (emphasis added.)  The "convenience and without cause" provision states:

> This Agreement may be terminated by the Owner upon not less than seven days' written notice to the Architect for the Owner's convenience and without cause.

(*Id.* at Sec. 1.3.8.5.)  Unlike the for cause provision, the convenience termination provision is silent as to the effect such termination has on the availability of remedies. Jacobs argues that this silence means that a "convenience and without cause" termination negates Chinese Hospital's ability to pursue "any other remedy," otherwise the "without prejudice" part of the with cause termination provision would be meaningless. In other words, because the Design Contract for cause termination provision has explicit language regarding reservation of remedies, the absence of such language from the convenience and without cause termination clause means that there is no remedy available following a convenience termination.

Jacobs has not persuasively explained why the "without prejudice to any other remedy" language itself means that termination pursuant to the for convenience provision means that such a

2

termination waives any remedy given that there is nothing in the for convenience provision or otherwise in the Design Contract that provides for a waiver. Assuming, without deciding, that the Design Contract's termination for cause provision is expressly providing a remedy by stating that termination pursuant to that provision is without prejudice to any other remedy, California law commands that "[w]here a contract expressly provides a remedy for a breach thereof, the language used in the contract must clearly indicate an intent to make the remedy exclusive." *Nelson v. Spence*, 182 Cal. App. 2d 493, 497 (1960). Jacobs has not identified anything in the Design Contract that clearly indicates an intent to make the for cause termination provision the exclusive method of termination for obtaining a remedy.

Further, it has not been established that the for cause termination provision even contains a remedy. Stating that the termination is without prejudice to a remedy is not the same as providing a remedy, let alone an exclusive one. *See Shelter Products, Inc. v. Steelwood Const., Inc.*, 257 Or. App. 382, 399, 307 P.3d 449 (2013) (holding that a contract termination provision that states that it is "without prejudice to any other right or remedy" "does not itself confer any right or remedy"). Under these circumstances, the Court cannot hold as a matter of law that the absence of language preserving a remedy under the convenience termination provision means Chinese Hospital waived its right to seek a remedy.

Jacobs' reliance on the Design Contract fails for a second reason: its argument ignores the evidence that supports a reasonable inference that the parties negotiated a termination of the Design Contract different from the options set forth in the Design Contract. The letter in which Chinese Hospital initially terminated the Contract recites that "[t]here have been detailed discussions regarding the requirements of this transition," and then goes on to provide a list of things that Jacobs must provide to Chinese Hospital, items not required by the Design Contract. (Dkt. No. 29, Ex. 1 at ECF 27.) Then, a little over a month later the parties entered into a formal written "Termination and License Agreement." (Dkt. No. 29, Ex. 2 at ECF 30.) The Agreement includes the following provision:

> 8. <u>No Waiver</u>.
>
> Except as expressly set forth herein, this Agreement shall not be

3

> construed as a waiver by either Party of any or all of its or their rights, remedies, claims, demands, or defenses related to the Project arising out of the Contract.

(*Id.* at ¶ 8, ECF 34.) Further, in a paragraph entitled "Indemnity Agreement," the Agreement states:

> The Parties agree that nothing herein shall waive, release, or otherwise impair the Hospital's rights under the Contract, law, and equity to bring claims directly against Jacobs for damages arising from work performed by Jacobs and/or CBI prior to the Termination which the Hospital asserts is in some way improper or deficient and has caused damages to the Hospital.

(*Id.* at ¶ 5.b.) Drawing all reasonable inferences in Chinese Hospital's favor, these provisions modified any waiver that may have occurred under the Design Contract to expressly preserve Chinese Hospital's remedies.

Jacobs insists that the no waiver provision means that Chinese Hospital preserved whatever remedies it had under the contract, and given the termination for convenience, Jacobs did not preserve a damages remedy. This interpretation is plausible, especially given that the "Termination and License Agreement" recites that Chinese Hospital previously "issued a Termination for Convenience to Jacobs" and that Jacobs "acknowledged" the Termination. (Dkt. No. 29, Ex. 1 at ECF 27.) But Jacobs has not proved that its explanation is the only plausible explanation as is its burden on summary judgment of its waiver affirmative defense. That the Agreement is titled "Termination and License Agreement" supports a plausible inference that the Agreement sets forth the parties' respective rights as a consequence of the Termination, especially since the initial termination letter stated that the parties had been in discussions regarding the termination. *See Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (stating that under California law a "provision is ambiguous when it is capable of two or more constructions, both of which are reasonable.")

Further, that the parties expressly stated that nothing in the Agreement waives Chinese Hospital's rights under the Design Contract to bring claims against Jacobs for damages arising from Jacobs' work prior to termination supports an inference that the parties understood that there had not been a waiver. If the understanding was otherwise, the language would have been

4

surplusage. At a minimum, the "No Waiver" provision creates an ambiguity and Jacobs does not cite any evidence that *requires* that ambiguity to be resolved in favor of a finding that Chinese Hospital waived its right to a damages remedy.

Jacobs' reliance on *Pub. Bldg. Auth. of City of Huntsville v. St. Paul Fire & Marine Ins. Co*., 80 So. 3d 171 (Ala. 2010), is unavailing. It did not involve a subsequent written "Termination" agreement with a provision expressly stating the "Termination" agreement does not waive any remedies. The facts are also very different from this case. There, the owner terminated a building contract for convenience and without cause. *Id*. at 174. It subsequently sought to collect on the contractor's performance bond. *Id*. at 176. The bond's plain language stated that the surety is obligated under the bond only if certain conditions are met, including that the owner has declared the contractor in default and formally terminated the contractor's right to complete the contract. *Id*. at 177-78. Further, such default could not be declared earlier than 20 days after the owner notified the contractor that it was considering declaring the contractor in default. *Id.* at 177. The owner, however, only sought to declare the contractor in default *after* it had already terminated the building contract for convenience and without cause. *Id*. at 176. The trial court granted summary judgment in favor of the surety because the owner had failed to satisfy the conditions precedent to collecting on the bond, including that the owner had formally terminated the contract based on the contractor's default. *Id.* at 178. The Alabama Supreme Court affirmed because the record was undisputed that before the owner had ever attempted to terminate the contract for cause, it had terminated the agreement for convenience. Only after the owner "terminated the contract for convenience did it attempt to satisfy the conditions precedent, which, according to the plain language of the bond, [was] too late." *Id.* at 179.

Jacobs does not identify any language in the Design Contract which is remotely similar to that in the Alabama case's building contract and performance bond (as the decision was based on the language of both). It has not identified any conditions precedent to suing for breach of contract set forth in the Design Contract or otherwise. This "Design Contract" argument thus fails.

//

5

## 2. The Doctrine of Prevention

Jacobs has also not met its burden of proving as a matter of law that the doctrine of prevention precludes Chinese Hospital from recovering money damages. Relying on California Civil Code Section 1511 Jacobs insists that Chinese Hospital's termination of the Design Contract without giving Jacobs an opportunity to cure its alleged default prevented it from performing the Design Contract and thus excused any breach by Jacobs. Section 1511 provides: "[t]he want of performance of an obligation, or of an offer of performance, in whole or in part, or any delay therein, is excused by the following causes, to the extent to which they operate…When such performance or offer is prevented or delayed by the act of the creditor." *See also Hale v. Sharp Healthcare*, 183 Cal.App.4th 1373, 1387 (2010) ("prevention of performance by one party to a contract excuses performance by the other party").

As with its Design Contract language argument, Jacobs fails to address the express reservation of Chinese Hospital's right to sue Jacobs for damages in the Termination and License Agreement. Further, it has not proven that it could have performed the contract had Chinese Hospital terminated the Design Contract for cause and given Jacobs seven days to cure.

The cases cited by Jacobs are inapposite. Again, none involves an agreement which expressly reserves the owner's right to sue. Further, the California cases upon which Jacobs relies involved findings that the owner prevented the contractor from performing the construction contract. In *Peter Kiewit Sons' Co. v. Pasadena City Jr. Coll. Dist. of Los Angeles Cty.*, 59 Cal. 2d 241, 244 (1963), the owner prevented the contractor from timely completing the project. And in *Bomberger v. McKelvey*, 35 Cal.2d 607, 613 (1950), the owner prevented the contractor from demolishing the building. Here, Chinese Hospital alleges that Jacobs breached its contract by failing to obtain OSHPD approval. The record does not support a finding as a matter of law that Chinese Hospital prevented Jacobs from fulfilling that obligation; indeed, the record is virtually silent on this issue.

The "for convenience" termination case cited by Jacobs is also inapposite. *Tishman Const. Corp. v. City of New York*, 228 A.D.2d 292, 643 N.Y.S.2d 589 (1996), did not apply Civil Code 1511; instead, the court's ruling was based on the express language of the contract, and in

particular, that the City had not terminated pursuant to the provision which expressly allowed the City to recoup the expense of curing the contractor's default. *Id.* at 293. As explained above, Jacobs has not identified such unequivocal language here.

### 3. Implied Waiver

Finally, Jacobs has not met its burden of proving as a matter of law that Chinese Hospital impliedly waived its right to a monetary remedy. Generally, "[a] party may waive a contract right by conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *Sanchez v. Cty. of San Bernardino*, 176 Cal. App. 4th 516, 529 (2009)(internal citations and quotation marks omitted). "Whether a waiver has occurred depends solely on the intention of the waiving party." *Velasquez v. Truck Ins. Exch.*, 1 Cal. App. 4th 712, 722 (1991). Given the language of the initial termination letter and the subsequent Termination and License Agreement, the Court concludes that not every reasonable trier of fact would have to find that Chinese Hospital intended to waive its right to monetary damages by terminating the Design Contract for convenience. Thus, Jacobs has not met its summary judgment burden.

## CONCLUSION

As Jacobs has not proved its various waiver affirmative defenses as a matter of law, its motion for summary judgment is denied. As discussed at oral argument, there is no dispute that Chinese Hospital waived its right to recover consequential damages; however, the parties have not sufficiently briefed whether any of the damages sought by Chinese Hospital are the type of damages the Design Contract precludes Chinese Hospital from recovering. The parties shall meet and confer and by September 10, 2019 submit a stipulated briefing schedule for a dispositive motion on this issue. If they cannot agree, they shall submit their respective proposals by the same date.

This Order disposes of Docket No. 29.

**IT IS SO ORDERED.**

Dated: September 3, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7