United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINESE HOSPITAL ASSOCIATION, <br> Plaintiff, <br> v. <br> JACOBS ENGINEERING GROUP, INC., <br> Defendant. | Case No. 18-cv-05403-JSC <br><br> **ORDER RE: DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CONSEQUENTIAL DAMAGES** <br><br> Re: Dkt. No. 48 |

Plaintiff Chinese Hospital Association alleges that Defendant Jacobs Engineering Group, Inc. breached its written agreement with Plaintiff for architectural services. Defendant's motion for partial summary judgment on Plaintiff's right to recover consequential damages is now pending before the Court.[1] (Dkt. No. 48.[2]) Having considered the parties' briefs and having had the benefit of oral argument on November 14, 2019, the Court GRANTS IN PART and DENIES IN PART Defendant's motion for summary judgment. The express language of the parties' contract bars Plaintiff's claim for lost profits, increased operational costs, and construction delay damages.

**FACTUAL BACKGROUND**

In Spring 2007, Chinese Hospital, a nonprofit healthcare services corporation, contracted with Carter & Burgess, Inc., an architecture firm, to design a new hospital. (Dkt. No. 29 at 23, McFarlin Decl. at ¶ 3; Dkt. No. 29 at 57.) At some point thereafter, Carter & Burgess was

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 10, 16.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

acquired by Jacobs Engineering Group, Inc. ("Jacobs") and under a novation agreement between Chinese Hospital, Carter & Burgess, and Jacobs, Jacobs took over Carter & Burgess' rights and responsibilities under the Design Contract. (Dkt. No. 29 at 23, McFarlin Decl. at ¶ 4.) In the Fall of 2013, Plaintiff "became aware of serious defects in the construction documents" and terminated the parties' contract as of November 7, 2013. (Complaint at ¶ 11.) Plaintiff thereafter hired another architectural firm to complete the project. (*Id*. at ¶ 13.)

## PROCEDURAL BACKGROUND

Five years later, Plaintiff filed a certificate of merit in the Superior Court of the County of San Francisco pursuant to California Code of Civil Procedure § 411.35(b)(1). (Dkt. No. 1-5.) The next day, it filed this action in that same court pleading a single cause of action for breach of contract against Defendant. (Dkt. No. 1-3.) Defendant thereafter removed the action based on diversity jurisdiction and four days later filed a motion to dismiss for failure to state a claim. (*Id*.) The Court granted the motion to dismiss to the extent Plaintiff's breach of contract claim rests on Defendant's ordinary obligation to perform work consistent with the standard of care imposed on an architect, but denied the motion to the extent Plaintiff's claim is based on a different breach of the contract. (Dkt. No. 20.)

Defendant thereafter moved for summary judgment on the affirmative defense of waiver, but the Court denied the motion on the grounds that Defendant had not met its burden of proving as a matter of law that Plaintiff waived its right to recover damages by terminating the parties' contract "for convenience." (Dkt. No. 41.) Defendant requested the opportunity to separately move for summary judgment on its claim that under the contract Plaintiff is limited to general damages and cannot recover consequential damages. Plaintiff has since filed a statement of damages sought and the parties have submitted briefing on the consequential damages issue. (Dkt. Nos. 45, 48, 53, 54.)

## DISCUSSION

Defendant moves for summary judgment on the issue of consequential damages. In particular, Defendant contends that certain of the damages sought by Plaintiff are barred by the consequential damages waiver in the Design Contract.

2

## A. Damages for Breach of Contract

"Contract damages seek to approximate the agreed-upon performance." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 515 (1994); *see also* Cal. Civ. Code, § 3300 ("[f]or the breach of an obligation arising from contract, the measure of damages ... is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."). The injured party's damages cannot, however, exceed that which it would have received if the contract had been fully performed on both sides. Cal. Civ. Code, § 3358.

"Contractual damages are of two types—general damages (sometimes called direct damages) and special damages (sometimes called consequential damages)." *Lewis Jorge Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 34 Cal. 4th 960, 968 (2004). General damages are "those that flow directly and necessarily from a breach of contract, or that are a natural result of a breach." *Id*. Because general damages are "a natural and necessary consequence" of a breach, they "are often said to be within the contemplation of the parties, meaning that because their occurrence is sufficiently predictable the parties at the time of contracting are 'deemed' to have contemplated them." *Id*. In contrast, consequential damages "are those losses that do not arise directly and inevitably from any similar breach of any similar agreement. Instead, they are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties." *Id*.

## B. Plaintiff's Damages

### 1. The Design Contract

As relevant to the current motion, the Design Contract includes the following damages provision:

> § 1.3.6 CLAIMS FOR CONSEQUENTIAL DAMAGES
> Notwithstanding any other provision of this Agreement to the contrary, the parties hereto mutually agree that neither party shall be liable to the other for any damages in the nature of lost profits, lost opportunity or consequential damages of any description, arising directly or indirectly from any breach of duty created by this Agreement or applicable law.

(Dkt. No. 48-2 at 18.)

3

### 2. Plaintiff's Recoverable Damages

"Generally, provisions limiting liability in construction contracts are enforceable under California law so long as the parties negotiated and expressly agreed to the limitations." *Civic Ctr. Drive Apartments Ltd. P'ship v. Sw. Bell Video Servs.*, 295 F. Supp. 2d 1091, 1105–06 (N.D. Cal. 2003) (citing Cal. Civ. Code § 2782.5). Defendant insists that in light of the above contractual language, three of the categories of damages Plaintiff seeks are not recoverable: (1) increased operational costs/lost revenue, (2) delayed project completion costs, and (3) construction costs except rework costs. The Court addresses each in turn.

#### a) Increased Operational Costs/Lost Revenue

Defendant contends the following are non-recoverable consequential/lost profit damages: "having to pay additional personnel to operate pharmacy facilities and to wash and sterilize carts," "paying more for garbage collection" because there is no "trash compactor at the loading dock," and "not being able to operate a skilled nursing facility." (Dkt. No. 48 at 18:6-9.) Defendant's argument is twofold: (1) that operational costs and lost revenues are consequential damages and therefore not recoverable under the waiver; and (2) even if lost profits are not consequential damages, the express language of the parties' agreement bars recovery for "lost profits" and "lost opportunity."

#### 1. Lost profits are not recoverable

Plaintiff's request for lost profit damages associated with Plaintiff not being able to operate a skilled nursing facility is barred by the Design Contract's unambiguous language: "neither party shall be liable to the other for damages in the nature of lost profits . . . ." Plaintiff's argument that the "Consequential Damages" header to this clause limits the waiver to "lost profit" consequential damages but does not waive "lost profit" direct damages would render the reference to "lost profit" and "lost opportunity" meaningless as all the contract would have needed to say is no consequential damages. But it did not. Instead, it specifically identified damages "in the nature of lost profits" as not recoverable. *See Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1027 (2011) ("the meaning of a contract must be derived from reading the whole of the contract, with individual provisions interpreted together, in order to give effect to all provisions and to avoid

4

rendering some meaningless."); *see also AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 827-28 (1990) (declining to interpret a contract provision in a manner that causes another limitation "to be rendered meaningless"). Plaintiff cites no case that suggests the Court can ignore this unambiguous language based on nothing more than the title of the paragraph. Further, even if the plain language of the Design Contract was ignored, Plaintiff's reliance on *Lewis Jorge* to support its assertion that its claimed lost profits are direct damages is unpersuasive. The profits sought here are not "profits unearned on the very contract that was breached." *Lewis Jorge*, 34 Cal. 4th at 971. Accordingly, the Court concludes that Defendant has met its burden of proving that Plaintiff's claim for lost profits is barred as a matter of law under Section 1.3.6 of the Design Contract.

### 2. Increased operational costs are not recoverable

Plaintiff also insists that the additional pharmacy-related costs are recoverable because under Section 1.2.3.6 of the Design Contract Defendant was required to design the Hospital's pharmacy in a configuration that could be licensed. It argues that because Defendant did not do so, it has to operate two pharmacies at increased cost. Plaintiff similarly insists that under Section 1.2.3.6 and Exhibit E of the Design Contract, Defendant was required to review laws, codes, and regulations and that "Jacobs failed to provide a layout for the Hospital's central sterile services department in a way that was code-compliant." (Dkt. No. 53 at 15:16-19.) According to Plaintiff, because Defendant did not do so, it has incurred additional operational costs as Hospital personnel are now forced to wash carts by hand. Finally, Plaintiff contends that under Section 1.1.2.1. of the Design Contract Defendant was required to develop quality and efficient architectural and engineering systems for implementation and Defendant's layout of the loading dock was not efficient such that the loading dock cannot maintain a trash compactor.

These damages are not recoverable under the Design Contract for two reasons. First, drawing all reasonable inferences in Plaintiff's favor, they are unrecoverable "consequential damages of any description" as a matter of law. Special, or consequential damages, are those that "are secondary or derivative losses arising from circumstances that are particular to the contract or to the parties." *Lewis Jorge*, 34 Cal. 4th at 968. As the California Supreme Court has explained:

"General damages for breach of a contract are based on the value of the performance itself, not the value of some consequence that performance would produce." *Id*. at 971 (internal citation and quotation marks omitted). The damages sought here are consequential as they are based on the value of some consequence that performance would produce; namely, a licensed central sterile services department that would not require washing carts by hand, a licensed in-patient pharmacy, and efficiencies from a trash compactor that fits in the loading dock.

*Atlantic City Associates, LLC v. Carter & Burgess Consultants, Inc.*, 453 Fed. Appx. 174 (3d Cir. 2011), is instructive. There a developer hired the defendant consultants to oversee construction of a development in Atlantic City, New Jersey. *Id.* at 176. The developer sued the consultants for breach of contract and professional negligence and a jury awarded damages. *Id.* at 177. The contract at issue excluded any recovery for consequential damages. *Id*. On appeal, the Third Circuit held that damages for lost rental income, additional payments to contractors due to delay, and additional administrative costs were non-recoverable consequential damages, while the additional construction costs to fix the consultants' errors were recoverable direct costs. *Id.* at 178-79. Citing to the Second Restatement of Contracts, the court explained that "the difference between direct and consequential damages depends on whether the damages represent (1) a loss in value of the other party's performance, in which case the damages are direct, or (2) or collateral losses following the breach, in which case the damages are consequential." *Id.* at 180. The same reasoning applies here. Direct damages are the value of Jacobs' performance, namely, the cost of getting a code-compliant hospital design, whereas consequential damages are the damages sought above.

Plaintiff's argument that Defendant "as a designer experienced in the medical facility industry, would have reason to know that the type of damages would flow from inefficient and un-licensable designs" (Dkt. No. 53 at 17), confuses the definition of special/consequential damages with direct damages. Special/consequential damages are those that the defendant "knew or reasonably should have known of the special circumstances leading to the harm." Judicial Council of California Civil Jury Instructions, CACI No. 351 (2019 Ed.); *see also Lewis Jorge*, 34 Cal. 4th at 969 ("Special damages are recoverable if the special or particular circumstances from which

6

they arise were actually communicated to or known by the breaching party (a subjective test) or were matters of which the breaching party should have been aware at the time of contracting (an objective test)"). The damages sought may well qualify as special/consequential damages, but Plaintiff waived its right to recover such damages.

### b. Delayed Project Completion Damages

Plaintiff also seeks damages due to construction being completed later than anticipated because of Defendant's alleged breach. Defendant contends that the consequential damages waiver bars recovery of these damages as well. In general, delay damages are viewed as consequential damages under California law. *See Glob. Modular, Inc. v. Kadena Pac., Inc.*, 15 Cal. App. 5th 127, 145 (Cal. Ct. App. 2017), review denied (Dec. 13, 2017) ("delay constitutes a consequential loss"); *Lambert v. Superior Court*, 228 Cal.App.3d 383, 389 (1991) (stating that the mechanic's lien statute "does not permit a lien for delay damages," because "[t]he function of the mechanic's lien is to secure reimbursement for services and materials actually contributed to a construction site, not to facilitate recovery of consequential damages"); *see also Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 906 (2002) (describing "delay damages" as "damages for delay in the commencement of the defendant's performance").

In *Pacific Coast Engineering Co. v. St. Paul & Marine Ins. Co.*, 9 Cal. App. 3d 270 (1970), for example, the plaintiff contracted to construct a steel barge. An explosion damaged the barge when it was almost complete. The plaintiff's insurers covered the physical damage from the explosion, including the damage to the barge. The policy, however, did not cover "consequential loss or remote loss." The insurers accordingly refused to pay for the damage the plaintiff incurred as a result in the delay in the delivery of the barge to its customer; namely, additional loan interest paid by plaintiff as a result of the customer not making final payment until the barge was finally delivered, and amounts paid by plaintiff to its barge customer as damages for delay in delivering the barge. *Id.* at 273. The trial court held that such damages were noncovered consequential damages and the appellate court affirmed. *Id.* at 273-74. Plaintiff seeks to recover the additional monies it paid as a result of the delay caused by the faulty architectural plans just as the barge contractor sought recovery of additional monies it paid as a result of the delay in the delivery of

7

the barge. Just as the latter damages were consequential, so too are the delay damages sought by Plaintiff.

Plaintiff's opposition does not address this legal argument. At oral argument, Plaintiff insisted that the cases Defendant relied upon all address whether a party's own delay damages were recoverable and not whether the delay damages owed to a third party were recoverable. However, Plaintiff was unable to cite to a case which draws this distinction; this omission is likely because it is illogical to find that delay damages to a party are consequential damages, but delay damages owed to a third-party are direct damages. In any event, in *Pacific Coast Engineering*, the delay damages in form of increased interest paid to a lender were paid to a third party and the courts nonetheless held that such damages were consequential.

"[C]onsequential damages are available for those delays that may fairly and reasonably be supposed to have been in the contemplation of the parties to the contract at the time it was made, as the probable result of the breach." *Atlantic City,* 453 F. App'x at 179 (noting that New Jersey has adopted the *Hadley v. Baxendale* rule) (internal quotation marks and citation omitted).[3] Thus, while Plaintiff's delayed construction costs might be recoverable as consequential damages, they are barred here by the parties' consequential damages waiver.

**c. Non-Rework Construction Costs**

Defendant concedes that any costs Plaintiff may have paid to the general contractor to demolish and replace construction performed by Defendant's allegedly defective design constitute direct damages. Defendant insists, however, that any other construction costs such as those associated with "the allegedly more stringent and code-compliant requirements of the Revised Design" are not recoverable. (Dkt. No. 48 at 19:26-27.) This issue is not related to the damages waiver; instead, Defendant argues that construction that would have been performed regardless of the alleged breach is not a damage at all. While this argument has some force, as discussed at oral argument the Court does not have before it any particular construction demand and thus cannot

---

[3] "The *Hadley* rule has long been applied by California courts, which view it as having been incorporated into California Civil Code section 3300's definition of the damages available for breach of a contract." *Lewis Jorge*, 34 Cal.4th at 969 (internal citation and quotation marks omitted).

8

rule. Such issue shall be raised more particularly on a motion in limine. Accordingly, Defendant's motion for summary judgment on the question of whether Plaintiff is entitled to damages for additional construction costs is denied without prejudice.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted in part and denied in part. (Dkt. No. 48.) The motion is granted as to Plaintiff's claim for damages for lost profits, increased operational costs, and delay damages. The motion is otherwise denied.

**IT IS SO ORDERED.**

Dated: November 15, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge